UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MATTHEW BERKOWITZ,

              Plaintiff(s),

    - *against* -

TRANSUNION, LLC, ET AL.

              Defendant(s).

7:25-CV-02674-KMK-VR

**CONFIDENTIALITY STIPULATION AND PROPOSED PROTECTIVE ORDER**

---

WHEREAS, the parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1.    Counsel for any party ("Designating Party") may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret, or otherwise sensitive non-public information ("Confidential Information"). Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."

2.    The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

3.    In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

4.    Documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

        a.    The requesting party and counsel, including in-house counsel;

        b.    Employees of such counsel assigned to and necessary to assist in the litigation;

    c.     Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and

    d.     The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

5.     If a Designating Party believes in good faith that, despite the provisions of this Protective Order, there is a substantial risk of identifiable harm to the Designating Party if particular documents it designates as "Confidential" are disclosed to all other parties or non-parties to this action, the Designating Party may designate those particular documents as "Confidential—Attorneys' Eyes Only."

6.     Documents designated as "ATTORNEYS' EYES ONLY" shall not be disclosed to any person, except:

    a.     The requesting party's counsel, including in-house counsel;

    b.     Employees of such counsel assigned to and necessary to assist in the litigation;

    c.     Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and

    d.     The Court (including the mediator, or other person having access to any Attorneys' Eyes Only Information by virtue of his or her position with the Court).

7.     Prior to disclosing or displaying the Confidential or Attorneys' Eyes Only Information to any person, counsel must:

    a.     Inform the person of the confidential or attorneys' eyes only nature of the information or documents;

    b.     Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

    c.     Require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A.

8.     The disclosure of a document or information without designating it as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall not constitute a waiver of the right to designate such document or information as Confidential or Attorneys Eyes' Only Information. If so designated, the document or information shall thereafter be treated as Confidential or Attorneys' Eyes Only Information subject to all the terms of this Stipulation and Order.

9.     Any Personally Identifying Information ("PII") (e.g., social security numbers,

2

financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure.

10.    Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

11.    Notwithstanding the designation of information as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures for requests for filing under seal.

12.    This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Discovery Material designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed.

13.    All persons subject to this Protective Order acknowledge that willful violation of this Protective Order could subject them to punishment for contempt of Court. This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

14.    Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena.

SO STIPULATED AND AGREED.

3

Dated:        December 23, 2025                    Respectfully submitted,

/s/ *Arjun Patel*

Arjun Patel
Jones Day
250 Vesey St.
New York, NY
Telephone:  212.326.3459
arjunpatel@jonesday.com

*Attorney for Defendant*
*Experian Information Solutions, Inc.*

/s/ *Victor Allaham*

Victor Allaham
Buchanan Ingersoll & Rooney PC
640 5th Avenue, 9th Floor
New York, NY
Telephone:  212.440.44225
victor.allaham@bipc.com

*Attorney for Defendant*
*TransUnion, LLC*

/s/ *Aleks Altshuler*

Aleksandr Altshuler
McGlinchey Stafford PLLC
112 W. 34 St., Suite 1515
New York, NY
Telephone:  646.362.4043
AAltshuler@mcglinchey.com

*Attorney for Defendant*
*PNC Bank, National Association*

Dated:        December 23, 2025          Respectfully submitted,

                                         /s/ *Rami Salim*
                                         _____
                                         Rami Salim, Esq.
                                         Stein Saks, PLLC
                                         One University Plaza, Suite 620
                                         Hackensack, NJ 07601
                                         Telephone: 201.282.6500
                                         Email: rsalim@steinsakslegal.com

                                         *Attorney for Plaintiff*

IT IS SO ORDERED.

Dated:        December    , 26, 2025     /s/ _____
                                         UNITED STATES DISTRICT JUDGE

## EXHIBIT A

### Agreement

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled _____ have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court. I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

Dated: _____, 20_

_____          _____
Name (printed)                   Signature

Signed in the presence of:

_____
(Attorney)